Council for the Appellant, I declare the case. Chris Mikolaitis David Holland The preceding oral argument dealt with the timing of a state's petition to detain someone who awaits trial, and this case involves the substance of those petitions. Here, the state's petition was devoid of any arguments or grounds as to why conditions of release could not mitigate a safety threat. This was a necessary element of proof, but even in court, the state made no mention of it. Under the old bail statute, to detain someone, the state had to address two elements, a great presumption of guilt and a safety threat, and that's what the state did in this case. But the Pretrial Fairness Act imposes an additional burden to prove that no conditions can mitigate that threat. A reading of this act that would allow the state to not even address this element would revert Illinois back to the old bail system. Our legislature did not contemplate a detention hearing where the state can stand mute on the very element of proof that differentiates the old bail statute from the new. I would be happy to answer any questions that this court may have. You sound like you've been listening to United States Supreme Court arguments because that's exactly what they do. The lawyer stands up, gives a big overview of the case, and then entertains questions. You'll see generally that's not how we handle it, but thank you for the opportunity. I would be happy to continue, but I know the issue before this court is a concise one. My first question to you would be what is the order before this court that this court is reviewing? The judgment granting the petition. Are you suggesting that that judgment under whatever standard review we'd be looking at, and we'll talk about that later in the week, that that decision by the trial court was in error? Yes. How was it in error? The condition preceding to granting a state's petition to detain is the state reading its burden of proof. So our position here is that the plain language of the act. Let's talk about the facts then.  You know, looking at what the court had in front of it, was there insufficient evidence for the court to determine this gentleman who had been accused of a violent crime, who apparently had deep mental illness, had been using psychotropic drugs, or prescribed psychotropic drugs, but wasn't taking them, that the drug court there felt that there were no conditions that would mitigate the risk of harm that he posed? Was the trial court wrong in that? Knowing that we're not challenging the merits before this court, but we are saying that the trial court was wrong to grant the petition without the state even addressing that third element. But there was enough evidence in the record?  Defense counsel and the judge addressed electronic monitoring in this case. The record is clear. Our position, however, is that this is an instance of real-life burden shifting. If the state does not even mention the word conditions in this presentation, what happened here is that defense counsel was put in a position of pleading for electronic monitoring, which is exactly the way that the old bail hearings would work, is that the state would present a proffer. These proceedings proceed on the word of the state. The state would highlight any elements of dangerousness, and then the floor would shift to the defense attorney to ask for electronic monitoring, and then the judge would fill in what he or she believed to be either denial of bail or what conditions, GPS, et cetera. So we should reverse the trial court's decision even though you agree there was sufficient evidence to support the trial court's decision? We should. Your Honor should because the first step under the Pretrial Fairness Act is the state has to prove clearly and convincingly three elements. If the state simply does not have to even address that third element, again, this would be a reading of the act that essentially eliminates that third burden of proof entirely. And this is a narrow case. This is a really rare fact pattern before this court. There's anecdotally, having read hundreds of these detention hearings, it's extraordinarily rare that the state, for whatever reason, whether they forgot or whether the law was new, they simply miss this element entirely. And so there are a handful of cases that we pointed to in our briefing where there's some concern from appellate court justices that the state seems to be giving lip service to this third element. But in this case, this wasn't simply the state giving short shrift to its burden of proof. It omitted that element entirely from its presentation. I have another question then. My colleagues, I'm sure, have other questions as well. I think it's correct that during the hearing, it was determined that Mr. Michaelides did not refuse to cooperate with the pretrial officer, and so therefore did not present any information about himself. The only evidence then or the facts that anybody had was the nature of the crime, his criminal history background, and a risk assessment tool. There's nothing going into the hearing about him more than that, because he didn't provide any more information about himself. Specifically, and I mean this very precisely, and I'll keep going back to it, in your view, what should the state have presented? What could the state say? The ordinary course of these hearings is the state, after it presents the proffer in the background, which Your Honor referred to, then marshals an argument as to why conditions would not be appropriate. And ordinarily, what the state does is from this, there's a list of conditions in the statute, and then there's also a catch-all involving any sort of reasonable condition. Ordinarily, what the state does is they take their presentation from those first two elements and then marshals an argument as to why those facts would show a defendant could not be on GPS monitoring or couldn't abide by a curfew. When you read the transcript here, if you were to read it aloud, the state's presentation takes it out. So it would be sufficient for the state to say, we don't know anything about this gentleman because he wouldn't speak to the pretrial officer, so we don't know anything about him personally. But based on what we've seen here, we are arguing, I'll tell you, I have a problem with argument because argument is not the same as evidence. But we have no evidence to show that anything other than detention would mitigate risk. Would that be enough? It would be enough if the state can make that an individualized, tailored argument to this case. So evidence under this third element is ordinarily, the state ordinarily does not have evidence, even if we give this sort of label between argument and evidence. The state doesn't ordinarily present evidence on that third element. So to give a practical example, the few times you see evidence being presented on the third element, it's almost always from the defense side of things. A family member relative comes up and gets on the witness stand and says, here's what would happen if you were released, you would stay with me, et cetera. So the state taking the proper criminal background, whatever evidence or proper it has before it, and then marshalling some argument as to how that applies to conditions of release, that's what you ordinarily see in this sort of case. And that would be sufficient under the statute? Yes, that's what the statute demands. So again, under the old statute, the state can give a proper, the state can submit a police report, they can still do that under the new statute. But it has to then marshal some sort of argument as to why that evidence would show clearly and convincingly that conditions could not apply. Counsel, can you tell me where in 5-1-10-6.1E1-3, where it states that the state shall bear the burden of proving by clear and convincing evidence that, and then it goes on, where in there does it say that the state has to argue? It does not say that the state has to argue, Justice Holder-White, but I would say two points to that. The burden of proof, ordinarily just the definition of that term includes a burden of persuasion. But this Court should hold that there's a floor here, that if the state does not even address that third element, the act from the state's perspective would be essentially, for all intents and purposes, identical to the old way of proving detainment. So even if the state were to tender a police report, and we consider that in this context to be evidence, a police officer doesn't go back to their desk at the end of the shift and write out a report as opining about whether a defendant could abide by a curfew while they await trial. Ordinarily what happens is, under the Safety Act, the state takes their presentation on those first two elements, about guilt or dangerousness, and then puts together an argument as to how that relates to the defendant on conditions. And so this isn't some sort of unworkable burden. There's a line of argument in the state's briefing that this would be just an unworkable standard. But we know it's not an unworkable standard. Statistically, the majority of these petitions that are filed across Illinois are granted. The majority of the appellate case law affirms these detention decisions. And again, so this is an extremely rare case where the state hasn't addressed conditions at all at Mr. McElytus's hearing. What standard of review does the court use to determine whether or not the state has presented clear and convincing evidence? It's de novo review, Justice Neville, in terms of what the statute demands from the state. Because that simply, that would apply in every courtroom based on just the language of the Pretrial Fairness Act. Is it because it's an evidence-based standard? They've got to present evidence that's clear and convincing. Is that why it's de novo review? Yes, in the sense that in every courtroom in Illinois, that standard has to be the same. That is a question of law. What would be required from the state? And our position here is that if the plain language of the act unambiguously puts that burden on the state and the state alone, not defense counsel and not the judge. So in this case, in order to grant the state's petition to detain, the state has to address that third element, and they have to prove it clearly and convincingly. Well, when the trial court found that the defendant had untreated mental health conditions that made him an ongoing risk to the victim and indicated that his failure to take his medication made him highly unlikely to comply with release conditions, I think you earlier indicated that that's sufficient. Why isn't that sufficient to reach the conclusion that the state did offer evidence and the trial court was only able to reach that conclusion based on the evidence that was offered? The distinction, Justice Holder, what is that evidence did not come from the state. So that part of the hearing was the judge... It was the state's burden. Correct. It doesn't say who has to offer it, but, I mean, the trial court is considering everything that's being presented and then reaching a conclusion. So are you saying that only if the state presents that evidence that the trial court can consider it in terms of whether or not the defendant will be able to comply with conditions of release? Yes, in that the legislature assigns that burden to the state and the state alone. So an example would be is that under the Safety Act, the legislature certainly could have plotted out this hearing in the way that you're referring to that the state could just present on the first two elements and that the judge could go ahead and fulfill that burden. Well, what I'm getting at is if the defendant wants to say or offer something, you're saying that the trial court can't consider that? No, I'm not in that position. The judge can consider it. What should have happened here is that after the state made its presentation, if the judge was feeling charitable, perhaps the judge would turn to the state and say, I know this is a new law, we're only a couple months into it, but the legislature has now assigned you three burdens of proof, not two, and I haven't heard a word about the third element, not a single argument about the conditions here. And so unless I hear something from the state, this petition is presumed to be denied. So, counsel, are you saying if something is following up on Justice Holder White's question, if something is in the record and it's before the judge, such as this defendant is on medication for a specific psychiatric condition which may be violent and he isn't taking his medication, if that's not specifically offered by the state but it's in the record and the judge sees it, you're saying the judge cannot consider that? The judge can consider it, but all that information came from defense counsel. It doesn't matter. My question is not where the information came from, but whether the judge can consider the totality of the information that's in the record and before the court at that time that the court is making that determination. Are you parsing whether the judge can consider it because it didn't come from the state? Yes. I am drawing that line, but that line is drawn in the words of the statute, that if this court were to permit the state to remain silent on this element, then for all intents and purposes, the state's role is identical to the way it was before. So, again, in this case, we're not challenging the merits of the judge's weighing of aggregation and mitigation. My argument would apply to all defendants, any defendant. Counsel, let me ask a follow-up question. If the judge comments on the fact that this defendant has bipolar disorder and he's not taking his medication, that's something that's in the record and the judge is commenting on it and it's obviously a factor. How would you propose that the state present that same evidence? Well, in this case, the state might not know that because it came out only from the state. But hypothetically, if they did, because you're saying that unless it comes from the state, the court can't consider it. How would you, if the judge already knows this from, even from the defendant, how would the, you know, technically, how would the state then be expected to present that same evidence to satisfy the requirement that you're laying out that it has to come from the state or it can't be considered? Well, I would say that if the state had a proffer, a police report that indicated mental illness, untreated mental illness, which is certainly not an uncommon fact pattern, normally what the state does is they present that proffer, that police report to show presumption of guilt or danger. And then on that third element, then the state marshals an argument about why, for example, intensive outpatient mental health treatment would not suffice, why reporting and compliance to probation officers or pretrial services, some sort of argument that goes to the third element. And the state is absolutely free and usually does use their presentation on the first two elements to put some argument that would show clearly and convincingly that the presumption of release can't be met, that this person has to be detained. So this is not an unmeetable standard for the state. They meet it daily. But this is an unusual fact pattern. For whatever reason, the state completely omitted this burden of proof. I think we're struggling with argument and evidence. I mean, the state should make an argument. Because the state didn't make an argument, they failed to meet their burden under the statute. But you agree the state doesn't have this evidence. The state didn't know. There was nothing to suggest the state would know anything individually about this person. So I'm just really struggling about how we make a distinction between evidence and argument in terms of looking at burden of proof. It's an evidentiary standard. I guess I would disagree with the proposition that the state didn't know anything about Mr. Michalaitis or any defendant, in the sense that if the mental health issues had not been known to the state, that still doesn't in any way constrain the state, as it does in pretty much every hearing, from addressing why conditions of release couldn't mitigate a safety threat. So if it's a case that did not involve a mental health issue, did not involve a drug addiction, often the most common condition that the state addresses is electronic monitoring or GPS monitoring or home confinement, as to why this particular defendant couldn't be released. I think the distinction between evidence and argument in this context, and especially the third element, isn't helpful for this Court. The legislature understands that these parties are so far from trial posture that these proceedings are going forward on the word of the state. These 90-whatever percent of these proceed on proffers, which of course is not evidence by definition. But again, even if we were to give the label of this proffer is the evidence and the next words that the state say are the arguments, for the third element to have any weight, for the act to have any teeth, it has to be the state addressing that element to the judge. Whether that's considered an argument or evidence, it has to be addressed in some manner, or otherwise that element is superfluous. If there are no further questions, I'll reserve for rebuttal. Thank you very much. Counsel, please identify yourself. Good morning, Your Honor. Good morning. May it please the Court. Counsel, I am Assistant Attorney General Mitchell Ness, on behalf of the people. This Court should affirm the judgment of the appellate court, which upheld the trial court's order denying defendant pretrial release, because the trial court's conclusion that defendant was unlikely to abide by any conditions of pretrial release, the Court could have placed on him, was not against the manifest way of the evidence. In doing so, this Court should reject defendant's argument that the people failed to meet its evidentiary burden, because defendant's argument rests on the incorrect idea that a prosecutor's failure to present argument undercuts the evidence that was presented. As this Court has repeatedly noted, argument is not evidence, and this Court should reject defendant's invitation to read into the statute the requirement that the people present argument on conditions of release in order to meet its evidentiary burden. First and foremost, I want to step back to the evidence that was presented and highlight why I wholeheartedly disagree with defendant's interpretation of the hearing that occurred and his assertion that the State didn't present evidence or anything relevant to the conditions of release. The statute in 110-5 explicitly instructs trial courts to consider on the basis of available information when considering what conditions might suffice, such factors as the nature and circumstances of the charge defense, the weight of the evidence against the defendant, the history of the defendant, including his mental condition, the threat and safety to any person that the defendant might pose, and the risk of obstructing the criminal justice process. At the hearing, the Court heard evidence on each and every one of those factors. The State presented evidence that the defendant attempted to violently murder the victim in this case, did so out of complete disregard for the victim's safety. The State presented evidence that the defendant confessed to the murder to his mother and to his girlfriend, and then was subsequently found in the vehicle in which the murder was attempted. The Court heard evidence that the defendant was diagnosed with various mental conditions that required, according to his doctor, medication to treat, and that the defendant was no longer taking that medication, and that a mere two or three months after the defendant stopped taking the medication is when he committed this crime. The State presented evidence that the defendant had expressed a hatred for the specific victim in this case, highlighting the lack of safety for that specific victim if the defendant were released. And then the Court had evidence that the defendant refused to comply with the standard pre-trial risk assessment, which is not required to do, but which is certainly evidence that he is sort of unwilling to comply with general judicial proceedings. And considering the evidence, this trial court, in its oral ruling and in its written ruling, indicated that it had considered the most stringent condition of release possible, that is, home confinement, and said that he simply could not come to the conclusion that the defendant would abide by even the most stringent condition of release possible. So I disagree that the State did not present evidence on what conditions might— or on the factors relevant to the trial court's determination about what conditions might suffice. It heard evidence on each and every factor that the trial court is instructed to consider. The defendant's alternative argument rests on two fundamentally incorrect principles. First, the defendant disregards the evidence that was presented and pigeonholes it into the first two elements that the State is required to prove in order to petition to detain someone, that is, the weight of the evidence against the person and whether they had likely committed the crime, and the dangerousness of the individual. But nowhere in the record did the State pigeonhole the evidence to those two factors. Indeed, the evidence that the State presented is relevant to all three of the factors, including the conditional release hearings—the conditional release factors that the Court is to consider under 110-5. And in any sufficiency challenge— Excuse me. Thank you. And second, as this Court has touched on in opening, the defendant's argument erroneously equates argument with evidence. Notably, the defendant today argued—I guess conceded to the suffice that the evidence that was presented was sufficient for the trial court to conclude that there were no conditions of release that would have sufficed in order for the trial court to feel comfortable with letting this person out on conditional release. Yet the defendant still argues that the evidence was not sufficient because the State did not wrap the evidence in a bow for the trial court at the conclusion of the hearing. Now, while that may have been helpful, while certainly closing argument—as a lawyer, I cannot imagine not providing that additional argument— it certainly may have been helpful to the trial court. It was not necessary for the State to meet its evidentiary burden. And this Court should reject the defendant's invitation to state that as a matter of law, argument is required to meet an evidentiary burden. So is the recitation of the facts of the case in the defendant's criminal history background— does the State meet its burden on all three elements by presenting that evidence? Is that enough? If the evidence provided is clear and convincing to each individual element, yes. That's all the State has to do, is talk about the defendant's criminal history background and the facts of the case, and that there's no other burden on the State? Well, the burden on the State is to present sufficient evidence to convince the trial court, by a clear and convincing standard, that the defendant committed the crime, that the defendant is dangerous, and that there are no conditions of release that would suffice to ensure the safety of the community or ensure that the defendant complies with the conditions. Are you suggesting that those first two elements in and of themselves are sufficient evidence to meet the burden of proof on the third element? No, not necessarily. They are relevant, certainly, and they are relevant by statute. The statute instructs trial courts to consider the nature of the offense and the weight of the evidence against the defendant in determining whether conditions of release would suffice. There are three additional factors that the statute explicitly instructs a court to consider, which is the history of the defendant, which certainly could include criminal history, probation history, failure to comply with probation, things like that, the additional threat to the safety of any person that might be posed should the defendant be released with conditions, and the risk of obstructing the criminal justice process that might be posed should the person be put on conditional release. So there are three additional factors that are relevant to the determination. Should the State rest on the nature and circumstances of the offense and the weight of the evidence against the defendant, that would unlikely be enough to satisfy the conditional release factor, and many appellate courts have said as much. In fact, many of the appellate decisions that the defendant has cited in his opening brief say exactly that. They say that the trial court rested on, I believe one trial court simply said, well, you shot at an individual, so you can't be released. Certainly that's not enough. You have to go further and to say the evidence has to show more than just that the defendant committed the crime. It has to show essentially that not only is the individual, not only did he commit a crime, even if the crime was extremely dangerous, but that going forward, the person is either likely to present a risk to the safety of the community or is unlikely to comply with release conditions. The defendant's argument as to the majority concurrence's discussion about whether the standard that the defendant suggests is necessary is unworkable is also incorrect. Notably, neither the dissent nor the defendant have yet put forward a test for when the State has said enough magic words for the argument to meet. For the given argument to meet its evidentiary burden. And I think that's important and it was certainly important to the majority concurrence and the majority opinion itself. Because I think why the majority concurrence believes it's unworkable is because what it would turn appellate review into is not a review of the evidence. It would turn the appellate review into a review of the statements of the prosecutor. And to say, did the prosecutor neatly wrap the evidence into the bow that is the conditional release factors that might be imposed on the defendant. And it would simply turn appellate review into looking at the semantics potentially used by the prosecutor. In this case, I think, as far as I can understand the defendant's argument, what I think the State could have done here is say, is go through the factors, the five factors that it did about the nature and weight of the evidence and the threat of the individual. And to say that, given that, we don't think he will comply with home confinement. And notably that's, again, not evidence, that's just argument. The evidence necessary to support the State's statement in that regard was already submitted in the form of the proffer and in the form of the defendant's admission that he needed and was not taking his mental health medication. So I think that's the appellate concurrence's fear with the unworkability of this. Hypothetically, particularly because there is no limit to the type of conditions of release that can be placed on an individual. But hypothetically, we're just going to be looking at an unlimited amount of arguments by defendants on appeal that, well, this wasn't talked about, and this wasn't talked about, and this wasn't talked about. And that turns review into not what the evidence was that was presented, but essentially what wasn't presented. And that's not how this court reviews sufficiency cases. This court is to look at what evidence was presented and to determine whether the trial court was correct in determining that no conditions of release would suffice. And in this case, considering the evidence that was given, whether it came from the State or whether it came from the defendant's own admission, the evidence was sufficient to support the trial court's conclusion that even the most stringent condition of release it could have imposed was not going to be sufficient to ensure the safety of the community or to ensure the defendant was going to comply with that condition. If there are no further questions, I would ask that this court affirm the judgment of the appellate court. Thank you very much. Counsel for the appellate and rebuttal. That the Pretrial Fairness Act requires more from the State than it did under the old Vale statute is not a bug. It's the feature of the statute itself. The State's argument has a bit of fear-mongering that somehow this would upend appellate review. But this case is extreme. This is an extremely rare occurrence where the State stood at mute. If you read these transcripts aloud, it takes about 60 seconds to get through the State's presentation. Our legislature contemplated an adversarial proceeding on three separate elements. And yes, the State is absolutely free, and they do use the proffer on the first two elements. But, again, the proffer, a police report, doesn't just speak for itself on the conditions element. If the legislature had wanted that system, then it could have kept two burdens on the State. Or it could have made a rebuttable presumption and put that on the defendant to show that he should be released on conditions. But that's not what the legislature— What evidence should—let's say this case. What evidence should the State have presented to meet its burden? Given what we know now at the end of the day. The proffer, a proffer or a police report. The State can rely on that. So we're not saying that there has to be separate evidence as to the condition. It can arise out of the facts of the case. Absolutely. And the vast majority of these detention hearings do. But except for a real handful of cases, we've cited from the appellate court, where the State is giving short shrift to this element. The vast majority of cases, the State does meet that burden daily. So this is not unworkable for the State to address a third element of proof. If the legislature had wanted it, otherwise it certainly could have been written like that. So we're asking this court to set a floor that the plain language of the act requires the State to address three elements as a condition to granting a State's petition. And they have to argue that? Yes. Yes. It has to be addressed in some manner. Because, again, if the State is allowed to just put in a police report and just stand on a criminal history, then there is no difference from the State's perspective between the old bail statute to detain someone and the new. The language of the law has to be given effect. And it has to be that burden applies to the State and the State alone. Isn't the petition itself some mechanism to show that it is the State's position that nothing is going to alleviate, there's no set of conditions that can alleviate the risk of this defendant to the public, to the victim, to the system of justice coming back? I know that there wasn't a lot of argument that was made, but the State did say that it was standing on its petition, spoke to, he was not taking his psychotropic drugs. And for that, that was one of the reasons that they felt that he would not be able to successfully be released into the community. So, you know, even having those things listed in the petition, some of them are, you know, allegations, but aren't they evidenced by the fact that this is what the State is relying on, that suggests, you know, this is the basis for wanting to have this person detained, rather than just saying, you know, it's just like the old system. I mean, it is, you know, there are new requirements, and being Marvum is them saying, you know, no matter what, this guy isn't going to be successful pretrial if he's not held. I mean, doesn't it kind of stand for itself? Yes, Justice Ryan, it could have stood for itself. But there's a crucial distinction here, is that the State's petition in this case doesn't make any mention of that. All the mental health, the medication issues, the State in court didn't in any way address that. And when the State concludes their extremely brief words at this detention hearing, the State asked the judge to refer back to the petition. And when you refer back to the petition, there's nothing in that petition either about the third element. This is an extremely unique case where the State has just stood mute entirely on that third element. So I agree that the State, if it had been in the petition, if it had been relevant to the first two elements, the State should have and usually does marshal that into some sort of presentation on the third element. So we're asking this court to at least set a floor that the State has to address the third element in order for a State petition to be granted. Thank you for your time. Thank you very much. In this case, agenda number two, number 130693, people of the State of Illinois v. Christian P. McElytus will be taken under his bias. Thank you, counsel, both for your spirit argument again in this very important case.